2014 ND 234

Carleen E. McCARTHY, Plaintiff, Appellant, and Cross–Appellee

v.

Paul Justin McCARTHY, Defendant, Appellee, and Cross–Appellant.

No. 20140044.

Supreme Court of North Dakota.

Dec. 18, 2014.

Michael L. Gjesdahl, Insight Professional Offices, 1375 21st Avenue North, Suite A, Fargo, N.D. 58102, for plaintiff, appellant, and cross-appellee.

Patti J. Jensen, 411 Second Street NW, Suite D, P.O. Box 386, East Grand Forks, Minnesota 56721–0386, for defendant, appellee, and cross-appellant.

SANDSTROM, Justice.

[¶ 1] Carleen and Paul McCarthy appeal from a divorce judgment distributing the parties' marital property and awarding permanent spousal support. Carleen McCarthy argues the district court's property distribution to Paul McCarthy was clearly erroneous. Specifically, she argues it was clearly erroneous to allow him to "buy out" her interest in the remainder interest he inherited for $125,000.00, because doing so created a substantial disparity that was not adequately justified or explained by the district court. On cross-appeal, Paul McCarthy argues the district court's award of spousal support to Carleen McCarthy was clearly erroneous because she did not prove she has a present or future need justifying the award. We affirm.

I

[¶ 2] Paul and Carleen McCarthy were married in 1998. Before their marriage,

Paul McCarthy inherited a one-half remainder interest in 1,642 acres of farmland and a 2.5 acre farmstead. Once married, the couple moved onto the farmstead, where they continued to live until their separation. The parties have three minor children. Paul McCarthy is the sole shareholder of McCarthy Electric, Inc., and has an annual gross income of $62,459. Carleen McCarthy works as a teacher in Devils Lake and has an annual gross income of $45,729.

[¶ 3] In 2012, Carleen McCarthy sued for divorce. Shortly after, the parties stipulated to entry of partial judgment, resolving all child-related issues and granting primary residential responsibility to Carleen McCarthy. A judgment was subsequently entered that included the terms of the partial judgment. Under the judgment, the district court distributed the marital estate and ordered Paul McCarthy to pay spousal and child support. In regard to the allocation of the marital estate, which is at issue in this appeal, the district court valued the marital property at $936,106.35. Of that amount, $751,453.00 is attributable to a one-half remainder interest in approximately 1,642 acres of farmland that was granted to Paul McCarthy prior to the parties' marriage. Paul McCarthy's mother currently owns a life estate interest in the property, but upon her death, he and his brother share an obligation to pay each of their three sisters $60,000.00 as a condition of inheriting the farmland. The one-half remainder interest is subject to a buy-sell agreement with uncertain effect.

[¶ 4] In allocating the marital property, the district court awarded Carleen McCarthy a one-quarter interest in Paul McCarthy's remainder interest, equally distributed the remaining marital assets valued at $184,653.35, and ordered Paul McCarthy to pay a property equalization payment of $10,337.00. The district court, however, granted Paul McCarthy an option to "buy out" Carleen McCarthy's one-quarter interest, which was valued at $187,863.25, for $125,000.00 payable within 120 days of the final judgment. Upon Paul McCarthy's election to exercise this option, Carleen McCarthy was awarded $125,000.00 for her one-quarter interest in Paul McCarthy's remainder interest and $92,327.00 for her half of the remaining marital estate, resulting in a net award of $217,327.00. Paul McCarthy was awarded $626,543.00 for his remainder interest in the farmland and $92,326.50 for his half of the remaining marital estate, resulting in a net award of $718,779.00.

[¶ 5] In regard to spousal support and child support, the district court found that because Carleen McCarthy had endured a hard-fought battle with breast cancer, which involved multiple surgeries, it was appropriate to award her a nominal amount of permanent spousal support to address any financial distress caused by future health complications. As a result, the district court ordered Paul McCarthy to pay Carleen McCarthy spousal support in the amount of twenty dollars per month, reserving continuing jurisdiction to modify this obligation on the basis of material changes to the parties' financial circumstances. The district court also ordered Paul McCarthy to pay $1,246 a month in child support.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeals were timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 7] Carleen McCarthy argues the district court's property distribution to Paul McCarthy was clearly erroneous. She ar-

gues the district court erred in granting him the option to buy out her one-quarter interest in the inherited remainder interest and failing to sufficiently explain the substantial disparity in the property distribution.

[¶ 8] The standard for reviewing marital property distributions is well-settled. "A district court's distribution of marital property is treated as a finding of fact, which we review under the clearly erroneous standard of review." *Hoverson v. Hoverson*, 2013 ND 48, ¶ 8, 828 N.W.2d 510 (citing *Wold v. Wold*, 2008 ND 14, ¶ 6, 744 N.W.2d 541). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *Hoverson*, at ¶ 8 (citation omitted). "This Court views the evidence in the light most favorable to the findings, and the district court's findings of fact are presumptively correct." *Hitz v. Hitz*, 2008 ND 58, ¶ 10, 746 N.W.2d 732 (citations omitted).

[¶ 9] A district court is required to make an equitable distribution of all the divorcing parties' marital property and debts. N.D.C.C. § 14–05–24(1). "All property held by either party, whether held jointly or individually, is considered marital property, and the court must determine the total value of the marital property before making an equitable distribution." *Hoverson*, 2013 ND 48, ¶ 9, 828 N.W.2d 510 (citing *Ulsaker v. White*, 2006 ND 133, ¶¶ 12–13, 717 N.W.2d 567). Marital property ordinarily is valued as of the date of trial. *Grinaker v. Grinaker*, 553 N.W.2d 204, 208–09 (N.D.1996). After the court values the property, it must then equitably divide the entire marital estate under the *Ruff–Fischer* guidelines, which

require the court to consider the following factors in the division:

The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Ulsaker*, at ¶ 10 (quoting *Horner v. Horner*, 2004 ND 165, ¶ 9, 686 N.W.2d 131); *see Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952).

[¶ 10] "Our law does not require a set formula or method for dividing marital property; rather, the division is based on the particular circumstances of each case." *Hoverson*, 2013 ND 48, ¶ 10, 828 N.W.2d 510. A property division need not be equal to be equitable, but a substantial disparity must be explained. *Bladow v. Bladow*, 2003 ND 123, ¶ 5, 665 N.W.2d 724. Generally, a lengthy marriage supports an equal division of all marital assets. *Id.* at ¶ 8.

[¶ 11] In reaching its decision regarding the distribution of the marital assets, the district court considered the factors in the *Ruff–Fischer* guidelines and made specific findings under the factors it deemed relevant. The district court considered the duration of the marriage, the conduct of the parties during the marriage, the parties' respective financial circumstances, and the origin of the property to be important. The court found that under North Dakota law, the parties' marriage of fifteen years constituted a long-term marriage. *See Wold*, 2008 ND 14, ¶ 17, 744 N.W.2d 541 (15–year marriage qualified as

a long-term marriage); *Ulsaker*, 2006 ND 133, ¶ 14, 717 N.W.2d 567 (16–year marriage qualified as a long-term marriage). The district court found that although "both parties contributed to the breakup of the marriage[,] Paul's affair with another woman is the primary cause for the marriage ending." The district court then found that although the parties' largest asset, the remainder interest inherited by Paul McCarthy, was not a possessory interest, it did have present value and should be considered in the court's distribution of marital property.

 [¶ 12] Despite the district court's recognition that the remainder interest should be considered for distribution, the court held it would not be equitable to allow an equal split between Paul and Carleen McCarthy. Instead, the district court ordered Paul McCarthy to convey to Carleen McCarthy a one-quarter interest of his interest in the farmland or, in the alternative, to pay her $125,000 within 120 days from the date of the judgment. The court explained:

> Considering how the farmland interest was conveyed to Paul from his family the court does not believe a 50/50 split on the land between Carleen and Paul is equitable. Carleen is entitled to a ¼ interest in Paul's interest in the farmland. In the alternative to conveying his ¼ interest[,] Paul can pay Carleen $125,000.00 within 120 days from date of Judgment. Paul shall sign appropriate documentation conveying ownership to Carleen in 120 days or buy out her interest.

> Paul testified that the McCarthy farmland has been in his family for decades, and, thus, Carleen should not be entitled to any portion of its value. However, the source of marital assets is just one of many considerations and "premarital ownership, standing alone,

will not justify a wide disparity in property distribution." *Fischer v. Fischer*, 349 N.W.2d 22, 25 (N.D.1984). This Court is not persuaded by Paul's arguments. The parties' largest asset should be considered by the court in distribution of marital property.

The parties presently have little liquidity. The value of the land could substantially change over time. Both parties are in the same situation; they have to wait to receive value from this marital asset; and during the wait, the value of the asset may increase or decrease.

[¶ 13] Under North Dakota law, it is well-established that a property distribution does not need to be equal to be equitable, but a substantial disparity must be explained so as to provide "some 'indication of the rationale of the trial court in distributing the property.'" *Linrud v. Linrud*, 552 N.W.2d 342, 346 (N.D.1996) (quoting *Tuff v. Tuff*, 333 N.W.2d 421, 424 (N.D.1983)); *see also Hoverson*, 2013 ND 48, ¶ 10, 828 N.W.2d 510; *Dvorak v. Dvorak*, 2005 ND 66, ¶ 23, 693 N.W.2d 646; *Bladow*, 2003 ND 123, ¶ 5, 665 N.W.2d 724.

[¶ 14] The district court considered the speculative and potentially volatile value of the remainder interest as well as the parties' lack of liquidity in reaching its decision not to equally divide the interest between the parties. Although a substantial disparity surely exists between the property awarded to Carleen McCarthy and Paul McCarthy, the district court sufficiently explained its reasoning for distributing the property as it did. On the basis of the district court's reasoning, we are not left with a definite and firm conviction the court made a mistake in distributing the parties' marital estate, and we conclude the court's distribution is not clearly erroneous.

## III

[¶ 15] On cross-appeal, Paul McCarthy argues the district court's award of spousal support to Carleen McCarthy was clearly erroneous. He argues she failed to prove she has a need for spousal support now or in the future.

[¶ 16] "A spousal support award is a finding of fact that will not be set aside on appeal unless clearly erroneous." *Hoverson*, 2013 ND 48, ¶ 14, 828 N.W.2d 510 (citing *Duff v. Kearns–Duff*, 2010 ND 247, ¶ 13, 792 N.W.2d 916). Under N.D.C.C. § 14–05–24.1, a district court may require one party to pay spousal support to the other party for any period of time after taking into consideration the circumstances of the parties. "In contemplating an award of spousal support, a court must consider the needs of the spouse seeking support and the ability of the other spouse to pay in conjunction with the *Ruff–Fischer* guidelines." *Hoverson*, at ¶ 14 (citing *Duff*, at ¶ 14). The court need not make a finding on each *Ruff–Fischer* factor, but it must explain its rationale in making its determination. *Hoverson*, at ¶ 14 (citing *Paulson v. Paulson*, 2010 ND 100, ¶ 9, 783 N.W.2d 262).

[¶ 17] In reaching its decision to award a nominal amount of permanent spousal support to Carleen McCarthy, the district court considered the factors in the *Ruff–Fischer* guidelines and made specific findings under the factors it deemed relevant. The district court first addressed the parties' financial circumstances and analyzed Carleen McCarthy's need for support and Paul McCarthy's ability to pay. The district court found that "Paul's income is considerably higher than Carleen's" and he will likely earn increased income in future years. The district court then analyzed the parties' health and physical conditions, which it noted as "important factors" in determining whether to award spousal support. The district court stated:

The parties' health and physical conditions are important factors in determining a spousal support award. *van Oosting [v. van Oosting]*, 521 N.W.2d 93, 100 (N.D.1994). Carleen's health is particularly significant in this matter. She recently battled breast cancer, which involved multiple surgeries (double mastectomy, total hysterectomy.) [sic] Although she is cancer-free at this time, she is at increased risk for future episodes, which would result in major financial distress. She is calcium-depleted and susceptible to bone fractures and scoliosis. She endures a daily medication regimen to contend with ongoing medical issues. For that reason, the Court finds it is appropriate to keep jurisdiction open on the spousal support issue.

Carleen should be awarded a nominal amount of permanent spousal support, due to the financial uncertainty she faces. *Id.*[;] *Theis v. Theis*, 534 N.W.2d 26, 28 (N.D.1995). If her health declines in the future, she may seek a modification of the spousal support award.

The district court ordered Paul McCarthy to pay Carleen McCarthy twenty dollars a month, maintaining continuing jurisdiction to modify this obligation if material changes to the parties' health or financial circumstances should occur in the future.

[¶ 18] Although Paul McCarthy argues the district court erred in awarding Carleen McCarthy spousal support, this award is in accordance with our prior rulings. *See Wald v. Wald*, 556 N.W.2d 291, 296 (N.D.1996) (an award of permanent spousal support was appropriate in light of wife's potential health-related needs); *Theis v. Theis*, 534 N.W.2d 26, 28 (N.D. 1995) (a district court can appropriately award nominal spousal support and retain

jurisdiction when faced with uncertainty about the parties' financial futures). In deciding to award spousal support to Carleen McCarthy, the district court properly considered the relevant *Ruff–Fischer* factors as well as Carleen McCarthy's need for support and Paul McCarthy's ability to pay. *See Overland v. Overland*, 2008 ND 6, ¶ 16, 744 N.W.2d 67 (a district court must consider the relevant factors under the *Ruff–Fischer* guidelines as well as the needs of the spouse seeking support and the supporting spouse's ability to pay). After making the requisite findings of fact, the district court adequately explained its decision to award Carleen McCarthy a nominal amount of spousal support. We conclude, therefore, that the district court's award of spousal support to Carleen McCarthy is not clearly erroneous.

IV

[¶ 19] We affirm the judgment.

[¶ 20] GERALD W. VANDE WALLE, C.J., I concur in the result. DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ. concur.