2016 ND 61

**Lowell DEGNAN, Plaintiff and Appellee**

v.

**Barbara DEGNAN, Defendant and Appellant.**

**No. 20150244.**

Supreme Court of North Dakota.

March 15, 2016.

Kristin A. Overboe, Fargo, ND, for plaintiff and appellee.

Timothy J. McLarnan, Moorhead, MN, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Barbara Degnan appeals from a district court order denying her motion for amended findings of fact and new trial following her divorce. Barbara Degnan argues the district court erred when it divided the marital property, awarded inadequate spousal support, allowed testimony about comments made prior to marriage and refused to amend its findings or grant her a new trial. Lowell Degnan argues Barbara Degnan's appeal is frivolous and he should be awarded attorneys fees.

I

[¶ 2] Barbara Degnan married Lowell Degnan in 2009. The parties were di-vorced by judgment in 2015. At the time of trial Barbara Degnan was 55 years old and Lowell Degnan was 65 years old. Lowell Degnan testified his monthly living expenses were approximately $2,265 and his net monthly income was approximately $3,471 from railroad retirement benefits. Barbara Degnan's monthly living expenses were approximately $2,200 and her monthly income, after taxes, Medicare and debt garnishments, was a Social Security Disability payment of approximately $750. Witness Tammy Shiek testified, over objection, that her opinion was Barbara Degnan married Lowell Degnan for his money.

[¶ 3] In determining the property distribution the district court considered the length of the marriage, the health and age of the parties, their earning abilities and when their property was accumulated. The district court awarded Barbara Degnan temporary spousal support of $180 per month for 60 months, two motor vehicles, a camper, her checking account and $3,000 in attorneys fees. Following trial Barbara Degnan moved for a new trial and amended findings. The district court denied Barbara Degnan's motions and she appeals.

II

[¶ 4] Barbara Degnan argues the district court erred permitting Shiek to testify about why Barbara Degnan married Lowell Degnan. Shiek testified that prior to the marriage she and Barbara Degnan discussed how marrying Lowell Degnan would benefit Barbara Degnan because Barbara Degnan was in need of health insurance. Shiek also testified to her belief that Barbara Degnan married Lowell Degnan for his money. Barbara Degnan objected to Shiek's testimony as irrelevant and the district court overruled the objection. "The test whether proper evidence is irrelevant is whether it would

reasonably and actually tend to prove or disprove any matter of fact in issue." *Beck v. Lind*, 235 N.W.2d 239, 246 (N.D. 1975). Shiek's testimony tended to prove Barbara Degnan's financial circumstances, health concerns and her motive for marrying Lowell Degnan. The district court, as the trier of fact, reasonably considered Shiek's testimony to be relevant. The court did not abuse its discretion admitting the testimony.

[¶ 5] Barbara Degnan also argues the district court erred by relying on Shiek's testimony. Barbara Degnan alleges this was error because the motive for marriage is not a factor in the *Ruff–Fischer* guidelines. *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). The *Ruff–Fischer* guidelines require the court to consider:

> " 'The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.' "

*Hoverson v. Hoverson*, 2013 ND 48, ¶ 9, 828 N.W.2d 510 (citing *Ulsaker v. White*, 2006 ND 133, ¶¶ 12–13, 717 N.W.2d 567).

[¶ 6] While the motive for marriage is not a *Ruff–Fischer* consideration, the district court can consider the conduct of the parties and any other matters as may be material. *Fischer*, 139 N.W.2d 845, 847 (N.D.1966). The district court stated it found Barbara Degnan's intentions in marrying Lowell Degnan to be a material fact. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. N.D.R.Civ.P. 52(a)(6). "In reviewing findings of fact, we must view the evidence in the light most favorable to the findings. 'A choice between two permissible views of the evidence is not clearly erroneous.' 'Simply because we might view the evidence differently does not entitle us to reverse the trial court.' " *Reimche v. Reimche*, 1997 ND 138, ¶ 12, 566 N.W.2d 790 (internal citations omitted). " 'A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after a review of the entire record, we are left with a definite and firm conviction a mistake has been made.' " *Pearson v. Pearson*, 2009 ND 154, ¶ 5, 771 N.W.2d 288 (citing *Krueger v. Krueger*, 2008 N.D. 90, ¶ 7, 748 N.W.2d 671). Evidence showed Barbara Degnan considered Lowell Degnan's income, retirement and insurance prior to their marriage. The district court was permitted to consider any matters as may be material and we are not left with a definite and firm conviction a mistake has been made. The district court did not clearly err finding Shiek's testimony material to the division of property and support issues.

### III

[¶ 7] Barbara Degnan argues the district court erred in dividing the marital estate. Section 14–05–24(1), N.D.C.C., requires the district court to make an equitable distribution of the property and debts of the parties after granting divorce. The district court must consider all of the parties' assets to ensure equitable division. *Dvorak v. Dvorak*, 2005 ND 66, ¶ 21, 693 N.W.2d 646. The district court then considers the *Ruff–*

*Fischer* factors in its distribution of the assets. *Kostelecky v. Kostelecky,* 2006 ND 120, ¶ 12, 714 N.W.2d 845. A district court distribution of marital property is reviewed under the clearly erroneous standard. *McCarthy v. McCarthy,* 2014 ND 234, ¶ 8, 856 N.W.2d 762.

■ [¶ 8] The district court made findings related to the parties' incomes, expenses and assets. In dividing the marital estate the district court relied on evidence that Barbara Degnan was 55 years old, received Social Security Disability benefits of $750 per month, incurred expenses of $2,200 per month, had about $5,500 of debt, previously worked in exchange for room and board, had health concerns, lost her physical property to a fire prior to the marriage and possessed $465 in a checking account. The district court also relied on evidence that Lowell Degnan was 65 years old, retired and receiving pension benefits of $3,300 per month, had expenses of $2,200 per month, suffered from leukemia, had accumulated most of the assets prior to his marriage to Barbara Degnan and had $70,000 in savings and $2,000 in a checking account.

■ [¶ 9] Considering the evidence and the short length of the marriage, the district court sought to award each party the property and debts which each brought into the marriage. The district court awarded Barbara Degnan a 2004 Chevrolet Envoy, 2003 Buick Park Avenue, 2011 Palomino camper and her checking account. The balance of the assets were awarded to Lowell Degnan. Barbara Degnan alleges the distribution is inequitable because she was awarded approximately $15,685 of a total $209,020 in assets. "While a long-term marriage generally supports an equal division of property, we have said a court may unequally divide property in a short-term marriage and award the parties what each brought into

the marriage." *Horner v. Horner,* 2004 ND 165 ¶ 12, 686 N.W.2d 131 (internal citations omitted). Because Barbara Degnan and Lowell Degnan's marriage was approximately five years long and Barbara Degnan brought few assets to the marriage, the court's property division was not clearly erroneous.

## IV

■ [¶ 10] Barbara Degnan argues the district court erred in both the amount and duration of the spousal support award.

"Spousal support is governed by N.D.C.C. § 14–05–24.1, which provides, '[t]aking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for any period of time . . . .' A spousal support determination is a finding of fact that will not be set aside on appeal unless clearly erroneous."

*Paulson v. Paulson,* 2010 ND 100, ¶ 8, 783 N.W.2d 262 (citing *Pearson v. Pearson,* 2009 ND 154, ¶ 5, 771 N.W.2d 288).

■ [¶ 11] In awarding spousal support the district court must consider the requesting spouse's need for the support and the other spouse's ability to pay. *Overland v. Overland,* 2008 ND 6, ¶ 16, 744 N.W.2d 67. The district court also must consider relevant *Ruff–Fischer* factors to determine if an award of spousal support is appropriate. *Pearson,* 2009 ND 154, ¶ 6, 771 N.W.2d 288.

"'We have frequently recognized a preference for rehabilitative spousal support, rather than permanent spousal support.' Permanent spousal support may be appropriate 'when there is substantial disparity between the spouse's incomes that cannot be readily adjusted by property division or rehabilitative support.' Rehabilitative spousal support should be

awarded when 'it is possible to restore an economically disadvantaged spouse to independent economic status,' or when the burden of the divorce can be equalized by increasing the disadvantaged spouse's earning capacity."

*Id.* at ¶ 7 (internal citations omitted).

[¶ 12] The district court ordered Lowell Degnan to pay Barbara Degnan spousal support of $180 per month for 60 months. The district court found she was "entitled to some temporary spousal support, so as to allow her to continue with the Medicare part F coverage in the amount of $180 a month. This amount shall be paid for a period of 60 months . . . and shall sooner terminate upon her death or remarriage." Barbara Degnan testified her monthly expenses exceed her monthly income and that she is incapable of maintaining a job because of her health. In awarding temporary support the district court relied on findings related to the length of the marriage and Barbara Degnan's motive for the marriage. The court also made findings related to the age of the parties, their earning ability, their health and physical conditions, the value of the parties' property and when the property was accumulated. The court considered the appropriate factors in awarding spousal support. We conclude the spousal support award is not clearly erroneous.

## V

[¶ 13] Barbara Degnan argues the district court should have awarded her additional attorneys fees. Section 14–05–23, N.D.C.C., provides that "[d]uring any time in which an action for separation or divorce is pending, the court, upon application of a party, may issue an order . . . for the payment of attorney's fees." Under N.D.C.C. § 14–05–23,

"[A] district court has discretion to award attorney's fees in an action for

divorce. A district court's decision will not be disturbed on appeal unless the appealing party establishes the court abused its discretion. ' "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." '"

*Hoverson,* 2013 ND 48, ¶ 24, 828 N.W.2d 510 (internal citations omitted). Relevant factors for awarding attorney's fees include "the property owned by each party as a result of the property division, the relative income, whether the property is liquid or of fixed assets, and whether or not the actions of the parties unreasonably increased the time spent on the case." *Jondahl v. Jondahl,* 344 N.W.2d 63, 73 (N.D.1984).

[¶ 14] Barbara Degnan incurred approximately $9,213.75 in attorneys fees. She was awarded $2,000 for interim attorneys fees, leaving a balance of $7,213.75. For the same reasons applicable to property division and support, the district court awarded $5,000 in attorneys fees, less the $2,000 previously paid. The district court was not obligated to award Barbara Degnan all of the fees requested. *See Stephenson v. Stephenson,* 2011 ND 57, ¶ 31, 795 N.W.2d 357 (district court's awarding wife a portion of attorneys fees where wife had a need and husband had ability to pay was not an abuse of discretion). While less than Barbara Degnan's total amount of attorneys fees, the award is not an abuse of the district court's discretion.

## VI

[¶ 15] Barbara Degnan argues the district court abused its discretion denying her motion for amended findings and a new trial.

"An order denying a motion for amended findings of fact under Rule 52(b), N.D.R.Civ.P., is not appealable. *Applegren v. Milbank Mutual Insurance Company*, 268 N.W.2d 114, 115 (N.D. 1978). An appeal from '[a]n order which grants or refuses a new trial ...,' is, however, authorized pursuant to statute. Section 28–27–02(4), N.D.C.C."

*Jondahl*, 344 N.W.2d 63, 73 n. 1 (N.D. 1984).

[¶ 16] Rule 59(f), N.D.R.Civ. P., requires the district court to file a written memorandum concisely stating its grounds for refusing to grant a new trial. "[A]ll that must be provided is a clear statement of the reasons for denying the motion." *Hoge v. Hoge*, 281 N.W.2d 557, 560 (N.D.1979). The district court issued a memorandum reciting the *Ruff–Fischer* factors considered in its original order, declining to amend or vacate its findings and denying a new trial. "We will reverse that determination only if convinced the trial court abused its discretion, that is, if the facts and circumstances surrounding this case reveal to us that the trial court displayed an unreasonable, arbitrary or unconscionable attitude in denying [the] request for a new trial." *McAdoo v. McAdoo*, 492 N.W.2d 66, 69 (N.D.1992). The district court's denial of the motion for a new trial was not an abuse of discretion because the facts and circumstances of this case do not display an unreasonable, arbitrary or unconscionable attitude.

## VII

[¶ 17] Lowell Degnan requests attorneys fees be awarded to him for the cost of this appeal, alleging Barbara Degnan has persisted in litigating this matter in bad faith. Rule 38, N.D.R.App.P., states "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." After Lowell Degnan commenced this divorce action, Barbara Degnan has sought what she believes would be a more equitable property division. Because Barbara Degnan offered evidence at trial that she has a need for additional monthly income and Lowell Degnan has an ability to pay, Barbara Degnan's arguments are not frivolous and Lowell Degnan's request is denied.

## VIII

[¶ 18] Because the district court's property division and spousal support awards are not clearly erroneous and because the court did not abuse its discretion by awarding a portion of attorneys fees or by denying the motion for a new trial, the court's order is affirmed. Because Barbara Degnan's arguments are not frivolous, Lowell Degnan's request for attorneys fees is denied.

[¶ 19] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., concur.

KAPSNER, Justice, concurring in the result.

[¶ 20] The district court's order states in its analysis of the *Ruff–Fischer* factors: "The Court finds that Barbara entered the marriage for purposes of financial gain and security." And later, "As to spousal support, the Court finds some limited spousal support should be awarded as a result of this limited and short-term marriage. However, given Barbara's intentions in seeking the marriage, she should not suddenly find herself with a better lifestyle than she was associated with at the time of the marriage."

[¶ 21] If this were the entirety of the district court's analysis, I would urge

reversal. Taken alone, this language suggests the district court is punishing Barbara Degnan for considering future financial security as part of the decision to marry. Jane Austen would be astounded. Perhaps at twenty-five one enters marriage considering only love; one would be foolish to do so at fifty. Because the court also identified other factors to support its decision on property division, spousal support, and attorney fees, I concur in the result.

[¶ 22]   CAROL RONNING KAPSNER

McEVERS, Justice, concurring specially.

[¶ 23]   I agree with the majority and with Justice Kapsner's separate that the district court identified sufficient factors to support its decision on property division, spousal support, and attorney fees. I also tend to agree that the district court should not have placed much, if any, emphasis on Barbara Degnan's motive in marrying Lowell Degnan when deciding this case, because it does not appear the motive was material. The complaint alleges that *during the course of the marriage* irreconcilable differences arose. The complaint does not allege fault as a basis for seeking the divorce or that Barbara Degnan's motive prior to the marriage was the basis of the irreconcilable differences. Under the facts of this case, I am unable to see how conduct before the marriage, other than the property and debt each brought into the marriage, is relevant to the division of property or the award of spousal support.

[¶ 24]   However, this was a short-term marriage, and it is not error to award the parties what they brought into the marriage or to deny or limit a spousal support award in such a case. Barbara Degnan left the marriage with at least the same amount if not more property than she brought in, less debt, and some spousal support. I, therefore, concur in the result.

[¶ 25]   LISA FAIR McEVERS