**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**MAY 9, 2023**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 86

| | |
|---|---|
| Wayne Roy Anderson, | Plaintiff, Appellant, and Cross-Appellee |
| v. | |
| Renee Lynn Anderson, | Defendant, Appellee, and Cross-Appellant |

### No. 20220287

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Opinion of the Court by McEvers, Justice.

Wayne R. Anderson, Casselton, ND, self-represented, plaintiff, appellant, and cross-appellee; submitted on brief.

Robert J. Schultz, Fargo, ND, for defendant, appellee, and cross-appellant; submitted on brief.

# Anderson v. Anderson
## No. 20220287

**McEvers, Justice.**

[¶1] Wayne Anderson appeals from a divorce judgment. Renee Anderson cross-appeals. The parties raise issues concerning the district court's marital estate valuation and distribution. Wayne Anderson also argues the court erred when it ordered him to pay attorney fees as a sanction for discovery violations and contempt. We lack jurisdiction to consider the contempt decision because Wayne Anderson did not timely appeal from the order. We otherwise affirm the award of attorney fees. We reverse the district court's property valuation concluding the court erred as a matter of law when it valued a capital loss carryover for tax purposes and when it excluded a portion of the parties' assets from the marital estate. We remand for the court to reconsider its property distribution in light of our decision.

I

[¶2] Wayne Anderson sued Renee Anderson for divorce in December 2021. They married in 1981 and have no minor children. Prior to trial, Renee Anderson filed a motion to compel alleging discovery violations. She also filed a motion for contempt alleging Wayne Anderson had improperly disposed of personal property, forged her signature on tax documents, and deposited the entirety of the parties' tax return in his personal bank account. The district court granted the motions and ordered Wayne Anderson to pay $500 in attorney fees for the discovery violations and $1,500 for contempt. At trial, Wayne Anderson testified he was unaware of the motions because of a lack of communication with his prior attorney. After trial, the district court valued the marital estate at $969,824 and distributed one-half to each party.

II

[¶3] Both parties argue the district court erred when it valued and distributed the marital estate. Under N.D.C.C. § 14-05-24(1), the district court is required to equitably distribute the divorcing parties' property and debts. "All property held by either party, whether held jointly or individually, is

considered marital property." *Buchholz v. Buchholz,* 2022 ND 203, ¶ 13, 982 N.W.2d 275 (cleaned up). The fact that a party inherited property or holds property individually does not preclude its inclusion in the marital estate. *Ulsaker v. White,* 2006 ND 133, ¶ 12, 717 N.W.2d 567. Before a court divides the martial estate, it must determine the total value. *Buchholz,* at ¶ 13. When dividing the marital estate, the court must consider the *Ruff-Fischer* guidelines. *McCarthy v. McCarthy,* 2014 ND 234, ¶ 9, 856 N.W.2d 762.

[¶4]  The district court's valuation and distribution of the marital estate are findings of fact reviewed under the clearly erroneous standard. *Buchholz,* 2022 ND 203, ¶ 13 (valuation is a finding of fact); *Tuhy v. Tuhy,* 2018 ND 53, ¶ 10, 907 N.W.2d 351 (equitable distribution is a finding of fact). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made." *Tuhy,* at ¶ 10 (quoting *McCarthy,* 2014 ND 234, ¶ 8). We view the evidence in a light most favorable to the court's findings, which are presumptively correct. *Tuhy,* at ¶ 10.

A

[¶5]  Renee Anderson argues the district court erred by designating a capital loss carryover as a tax credit and by overvaluing the capital loss carryover for income tax purposes. Neither party included the capital loss carryover on their property and debt listing entered as an exhibit for trial. The record reflects the parties' 2020 joint tax return shows a long-term capital loss carryover amount of $30,961. The 2020 tax return showed the capital loss allowed the parties to reduce their annual income by $3,000. At trial, the court inquired about the capital loss noted on the tax return. In response to this questioning, the following discussion took place.

> MR. SCHULTZ:  Your Honor, it seems to me we probably should have included on the 8.3 Listing of Assets and Liabilities the loss carry forward as an asset because one of the two parties would be, post-divorce, in a position to claim that. And it actually -- if it still exists -- going forward, would shelter some income in the future.

THE COURT: Okay. So how do we make a record on that? How do we know?

MR. SCHULTZ: I think the easiest way to do it would be to just list the loss carry forward as an asset on the 8.3 and then indicate that, to the extent it's possible, it would be divided equally.

THE COURT: That seems logical. Acceptable, Counsel? We don't know what that is but split any loss.

MS. OVERBOE: Yeah. I think we're gonna probably have to look into what it is, first of all. But I'm sure he would be agreeable to splitting that loss.

Wayne Anderson's counsel later asked him to elaborate. He described losing money after investing in oil wells:

We had to pay costs for finishing up the wells. And then -- and then, it's like Renee said, then they found out that they were kind of scamming people with too much -- taking too much money away from -- or whatever, and then the government came in and they made a big settlement. And that's where we got the I think it was like $40,000 in oil well tax credits, and we could use that over $3,000 a year until it's gone.

Q So $40,000 --

A That's --

Q -- in tax credits?

A Yeah. Just in tax credits, yeah. And that's why we see $3,000. It's only allowed $3,000 a year.

The record does not reflect the parties filed an amended N.D.R.Ct. 8.3 property and debt listing.

[¶6] After trial, Wayne Anderson submitted proposed findings asserting "the current remaining value of the tax credit is $27,000." His proposed property distribution lists a $27,000 "energy tax credit per year" to be awarded to him.

3

Renee Anderson's proposed findings and proposed distribution of property did not include any reference to the capital loss carry over. The district court's findings described the property as a tax credit. Renee Anderson is correct that the court found the asset was a tax credit rather than a capital loss carryover.

[¶7] The court adopted Wayne Anderson's proposed valuation but distributed it to Renee Anderson. She argues the court's valuation is clearly erroneous because the loss carryover can only be claimed as a deduction and not a credit. She asserts its actual value is only "a small fraction" of $27,000. Although the parties certainly could have provided the district court with better guidance on this issue, we agree the court's valuation is a misapplication of the law. As the tax returns demonstrate, the loss carryover may only be used to offset income—i.e., as a deduction. *See* 26 U.S.C. § 165(f) (capital losses may be deducted from income); *see also* 26 U.S.C. § 1211(b) (capital losses limited to $3,000); 26 U.S.C. § 1212(b) (providing provisions for carrying over capital losses); *Sestak v. Comm'r*, T.C.M. 2022-41, 6 (2022) (discussing capital loss deductions). The value of the loss carryover therefore depends on the taxpayer's marginal tax rate, but there is no circumstance where it could be worth $27,000 as a matter of law. We therefore reverse the district court's valuation of this asset and remand for the court to reconsider the issue.

B

[¶8] Wayne Anderson argues the district court erroneously excluded part of a remainder interest Renee Anderson owns in 160 acres of farmland. The court determined the value of the remainder interest was $233,282. However, the court only included a portion of that value ($42,500) as "the marital portion of Renee's remainder interest." The court appears to have done so because the parties sold property in 1986 that Wayne Anderson inherited for an $85,000 profit. The court explained: "One half of $85,000 is $42,500. It is the Court's intention to award Renee the entire value of her remainder interest . . . valued at, $233,282, less $42,500, which the Court will deem to be the marital portion of that property. We hold the court's decision to exclude a portion of the interest's value is a misapplication of the law. *See Buchholz*, 2022 ND 203, ¶ 13 (individually owned property must be included in the total value of the marital

4

estate); *Tuhy*, 2018 ND 53, ¶ 11 (district court correctly included remainder interest in marital estate); *Ulsaker*, 2006 ND 133, ¶ 15 (district court misapplied the law by excluding property held by the parties from the marital estate). On remand, the court must include the full value of the interest in the marital estate.

[¶9]   Wayne Anderson raises additional issues concerning the district court's valuation and distribution of the marital estate. He argues the court erred when it valued the remainder interest and the parties' personal property; the court should have included farmland Renee Anderson may inherit from her mother; and the court did not adequately consider the *Ruff-Fischer* guidelines when dividing the property. We are not persuaded. "[P]roperty not owned by either party is not marital property." *Werven v. Werven*, 2016 ND 60, ¶ 14, 877 N.W.2d 9. Based on our review of the record, we conclude the court's valuation of the remaining marital assets is not clearly erroneous. We decline to address Wayne Anderson's arguments concerning the property division because the court must reassess the issue on remand after including the entirety of the farmland remainder interest and revaluing the capital loss carryover discussed in the preceding section.

III

[¶10] Wayne Anderson argues the district court erred when it awarded attorney fees for discovery violations and for contempt relating to Wayne Anderson's conduct of disposing of personal property and other misconduct affecting marital assets.

[¶11] "Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion." *Rath v. Rath*, 2013 ND 243, ¶ 4, 840 N.W.2d 656 (quoting *Bachmeier v. Bachmeier*, 2013 ND 76, ¶ 4, 830 N.W.2d 546). As to the contempt order, Wayne Anderson did not appeal within 60 days of notice of its entry, and we therefore lack jurisdiction to review it. *See Ted J. Boutrous, L.L.C. v. Transform Operating Stores, LLC*, 2023 ND 35, ¶ 40, --- N.W.2d --- (a contempt order is collateral to the merits of a case and appealable by special statute); *see also* N.D.C.C. § 27-10-01.3(3); N.D.R.App.P. 4(c).

[¶12] As to the district court's award of $500 in attorney fees for discovery violations, Wayne Anderson failed to respond to the motion to compel. His failure to respond to the motion constitutes an admission that it was meritorious. *See* N.D.R.Ct. 3.2(c). Although he now claims his attorney did not inform him of the motion, his burden on appeal is to prove the court abused its discretion "in light of the information available at the time of the motion." *Lang v. Bank of North Dakota*, 530 N.W.2d 352, 354 (N.D. 1995); *see also Panther Pressure Testers, Inc. v. Szostak*, 2023 ND 27, ¶ 8, 985 N.W.2d. 649 (discovery sanctions are reviewed for an abuse of discretion). Given Wayne Anderson did not respond to the motion to compel, we conclude the court did not abuse its discretion by granting it.

IV

[¶13] We reverse the district court's valuation of the capital loss carryover and Renee Anderson's remainder interest in the farmland. On remand, the court shall revalue the capital loss carryover, include the full value of the interest in the marital estate, and reassess its property distribution. The court may conduct any additional proceedings it deems necessary. We affirm the judgment in all other respects.

[¶14] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr