2015 ND 98

**Cheryl FEIST, Plaintiff, Appellee and Cross–Appellant**

v.

**Thomas L. FEIST, Defendant, Appellant and Cross–Appellee.**

No. 20140323.

Supreme Court of North Dakota.

April 28, 2015.

Brenda A. Neubauer, Bismarck, ND, for plaintiff, appellee and cross-appellant.

Thomas M. Jackson, Bismarck, ND, for defendant, appellant and cross-appellee.

KAPSNER, Justice.

[¶ 1]   Thomas Feist appeals and Cheryl Feist cross-appeals from a district court divorce judgment dividing the parties' marital estate.   Because we conclude the district court did not clearly err in equitably distributing the parties' marital estate and awarding all of the mineral interests to Cheryl Feist and did not abuse its discretion in failing to award attorney fees to Cheryl Feist, we affirm.

## I

[¶ 2]   The parties were married in 1971 and divorced in 2013.   The parties have two children together who have both reached the age of majority.   During the marriage, Cheryl Feist inherited mineral and surface interests in McKenzie County from her parents and has been receiving royalty payments from those interests.   In allocating the marital property between the parties, the district court awarded $1,248,358.30 (50.05%), including all of the mineral interest assets, to Cheryl Feist and $1,245,945.76 (49.95%) to Thomas Feist, and denied Cheryl Feist's request for attorney fees.

## II

[¶ 3]   On appeal, Thomas Feist argues the district court erred in awarding Cheryl Feist all of the mineral interest assets because their value is too speculative.   In her cross-appeal, Cheryl Feist argues she should have been awarded attorney fees and a greater distribution of the marital estate.

[¶ 4]   The standard for reviewing the distribution of marital property has been well established by this Court:

A district court's distribution of marital property is treated as a finding of fact, which we review under the clearly erroneous standard of review.   A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made.   This Court views the evidence in the light most favorable to the findings, and the district court's findings of fact are presumptively correct.

*McCarthy v. McCarthy,* 2014 ND 234, ¶ 8, 856 N.W.2d 762 (internal quotations and citations omitted).

### III

[¶ 5] Thomas Feist argues the district court erred in awarding Cheryl Feist all of the mineral interest assets because their value is too speculative.

[¶ 6] A district court must make an equitable distribution of the divorcing parties' marital property and debts. N.D.C.C. § 14–05–24(1). All property held by the parties, whether it is held individually or jointly, is deemed marital property, and the court must determine the property's total value before making an equitable distribution. *McCarthy*, 2014 ND 234, ¶ 9, 856 N.W.2d 762. Separate property, even if it is inherited, must initially be included in the marital estate, but the property's origin may be considered when equitably dividing the estate. *See Paulson v. Paulson*, 2010 ND 100, ¶ 17, 783 N.W.2d 262; *see also van Oosting v. van Oosting*, 521 N.W.2d 93, 96 (N.D. 1994). "Marital property must be valued as of the date of trial." *Moilan v. Moilan*, 1999 ND 103, ¶ 27, 598 N.W.2d 81. Upon valuing the property, the court must equitably divide the entire marital estate using the *Ruff–Fischer* guidelines, which require the following factors to be considered:

The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*McCarthy*, at ¶ 9 (citations omitted); *see also Fischer v. Fischer*, 139 N.W.2d 845, 852 (N.D.1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107, 111 (1952). There is no set formula or method for dividing the marital estate; instead, the division is based on each case's particular circumstances. *McCarthy*, at ¶ 10. While a division of marital property does not need to be equal to be equitable, a substantial disparity between the parties must be explained. *Id.*

[¶ 7] The district court applied the *Ruff–Fischer* guidelines and concluded the parties' earning ability, station of life, health and physical condition, and financial circumstances favored neither party. The district court also noted:

The Court finds that the mineral and surface interests came from [Cheryl Feist's] parents through inheritance during the marriage. The mineral interests also are paying out monthly proceeds and have the ability to produce income. The Court also agrees with the value asserted by [Cheryl Feist] based on the mineral evaluation, and the value of the cropland and pasture land based on the USDA 2012 County Values for the land. The Court does not find that the present valuation is speculative, but rather does reflect the price an individual could expect to receive if the interests were sold. The Court finds that this factor favors [Cheryl Feist] with regard to the source of the mineral interests and surface interests, and those interests are being awarded to [Cheryl Feist].

Ultimately, the district court distributed 50.05% of the marital estate to Cheryl Feist and 49.95% to Thomas Feist.

[¶ 8] Thomas Feist argues the district court erred in failing to award each of the parties a percentage of future royalty payments from the mineral interests. He argues there is no question that the parties had a present and vested interest in the minerals at the time of trial, that the mineral interests were marital assets, and that the parties would continue to receive benefits from the mineral interests; however, he maintains he should have been

awarded one-half of the future royalty payments because the mineral interests were too speculative to value. He points to an exhibit introduced at trial by Cheryl Feist, a letter from her expert, Jeffrey Jennings, a geological engineer, who did a survey evaluation of the mineral interests. Jennings' letter stated his "evaluation is also based on static oil and gas prices as future pricing is subject to unknown and unpredictable market forces which cannot be determined with any level of certainty." Thomas Feist argues this language supports his argument that the mineral interests were too speculative to value. Thomas Feist also points to *van Oosting* and *Zuger v. Zuger*, 1997 ND 97, 563 N.W.2d 804, for support.

[¶ 9] In *van Oosting*, 521 N.W.2d at 96, a credit trust was created for the benefit of the husband and his mother. The trial court recognized the husband's expectancy under the trust was "subject to certain contingencies." *Id.* Because of those contingencies, the trial court found the value was too speculative, no present value could be placed on the husband's interest, and it excluded the asset from the marital estate. *Id.* at 96–97. The wife appealed, and this Court concluded the trial court erred in failing to include the trust asset in the marital estate. *Id.* Because the district court found the trust's value was too speculative to calculate, this Court stated "the appropriate method of distribution" was to award the wife a percentage of future payments that would have otherwise gone to the husband. *Id.* at 98.

[¶ 10] Like in *van Oosting*, one of the marital assets at issue in *Zuger* was a credit trust created for the benefit of the husband, his siblings, and his mother. *Zuger*, 1997 ND 97, ¶ 12, 563 N.W.2d 804. Because the trust principal could be invaded and reduce the share available to the husband upon his mother's death, the trial court found an award of a specific dollar amount would be speculative and ordered that the wife receive one-half of the husband's share when it becomes available to him. *Id.* This Court held the trial court did not err in finding that it was equitable to distribute one-half of the husband's share in the trust to the wife. *Id.* at ¶ 15.

[¶ 11] Unlike the trial courts in *van Oosting* and *Zuger*, which found the credit trusts' values were too speculative, the district court in this case did not find the mineral interests' valuation was speculative. Rather, it found the valuation "reflect[ed] the price an individual could expect to receive if the interests were sold." In addition, the district court did not err in considering the fact that the source of the mineral interests was Cheryl Feist's inheritance. *See van Oosting*, 521 N.W.2d at 96 (property's origin may be considered when equitably dividing the marital estate).

[¶ 12] Cheryl Feist argues Thomas Feist stipulated to the admission of her exhibit of her expert's letter and valuation of the mineral interests, failed to hire his own expert to contradict her valuation, and failed to provide his own credible evidence of the mineral interests' value at trial. In addition, Cheryl Feist argues that if Thomas Feist is granted a portion of the mineral assets, a substantial disparity between the parties will exist instead of the nearly equal distribution that is currently in place.

[¶ 13] In this case, Thomas Feist did not provide any evidence as to the speculative nature of the mineral interests' value, he did not hire his own expert to contradict Cheryl Feist's expert's valuation, and he did not object to the entry of Cheryl Feist's expert's letter and valuation into evidence. Instead, Thomas Feist merely points to a few sentences in the expert's letter to support his assertion that the mineral interests' value is too speculative in nature to support awarding the

entire asset to one party. Thomas Feist argues the letter acknowledged the evaluation was "based on static oil and gas prices as future pricing is subject to unknown and unpredictable market forces which cannot be determined with any level of certainty." "Appraisers generally use three approaches to get at fair market value: (1) analysis of comparable sales or market data; (2) analysis of the cost of replacement less depreciation; and (3) an income or economic analysis." *American Crystal Sugar Co. v. Traill Cnty. Bd. of Comm'rs*, 2006 ND 118, ¶ 13, 714 N.W.2d 851. In this case, Cheryl Feist's expert used an income approach to assess the mineral interests' value. "A district court's valuation of property is presumed correct, and the evidence presented must be viewed in the light most favorable to the district court's findings of fact." *Holte v. Holte*, 2013 ND 174, ¶ 26, 837 N.W.2d 894 (citation omitted). The district court's valuation of the mineral interests was not clearly erroneous; utilizing an income approach to value mineral interests does not make the valuation speculative. We conclude the district court did not err in awarding all of the mineral interests to Cheryl Feist.

## IV

[¶ 14] Cheryl Feist argues she should have been awarded a greater distribution of the marital estate because Thomas Feist had dissipated the parties' financial account assets during the divorce proceedings, and his failure to maintain the marital home in the interim reduced the value of the home. Cheryl Feist argues an upward adjustment in the home's value should have been made to compensate her for Thomas Feist's failure to maintain the home. She argues that while the district court acknowledged Thomas Feist's behavior and noted that certain factors were in her favor, the court failed to compensate her appropriately.

[¶ 15] The district court considered the factors in the *Ruff–Fischer* guidelines and found that Thomas Feist "did dissipate assets of the parties in the form of financial accounts and reducing the value of the marital home." However, the court also found the parties' earning ability, station of life, health and physical condition, and financial circumstances favored neither party. Ultimately, the court divided the marital estate, distributing $1,248,358.30 (50.05%) to Cheryl Feist and $1,245,945.76 (49.95%) to Thomas Feist. This Court views the evidence in the light most favorable to the district court's findings, and such findings are presumptively correct. *McCarthy*, 2014 ND 234, ¶ 8, 856 N.W.2d 762. Because this Court may not substitute its own judgment for a district court's initial decision, we conclude the district court did not clearly err in distributing the marital estate nearly equally between the parties. *See Hoverson v. Hoverson*, 2013 ND 48, ¶ 8, 828 N.W.2d 510 (discussing clearly erroneous standard of review).

## V

[¶ 16] Cheryl Feist also argues she should have been awarded attorney fees. In a divorce action, a district court has discretion to award attorney fees. *See* N.D.C.C. § 14–05–23. A district court's decision of whether to award attorney fees in a divorce action will not be set aside on appeal unless the district court abused its discretion. *Wagner v. Wagner*, 2007 ND 101, ¶ 22, 733 N.W.2d 593. "The district court abuses its discretion when it misinterprets or misapplies the law." *Id.* This Court has stated:

> In deciding whether to award attorney fees in a divorce action, the trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or

fixed assets, and whether the action of either party unreasonably increased the time spent on the case.

*Id.* at ¶ 23 (citation omitted).

[¶ 17] Cheryl Feist argues the district court's findings are confusing and contradicting; she specifically points to the court's findings that Thomas Feist "has spent a significant amount of money from the marital accounts since the date of separation for his expenses," and he "dissipate[d] assets of the parties in the form of financial accounts and reduc[ed] the value of the marital home." Cheryl Feist argues the court erred in not sanctioning Thomas Feist's behavior through an award of attorney fees. The district court noted it was within its discretion to award attorney fees and stated:

> In balancing the needs against the other's ability to pay, and considering the property being awarded the parties, their relative incomes, and whether the action unreasonably increased the time spent on the case, the Court is ordering that each party shall be responsible for their own attorney's fees and costs.

[¶ 18] Because the district court balanced Cheryl Feist's needs against Thomas Feist's ability to pay and considered the parties' property awards, relative incomes, and whether the action of either party unreasonably increased the time spent on the case, we conclude the district court did not abuse its discretion in failing to award Cheryl Feist attorney fees.

## VI

[¶ 19] We conclude the district court did not clearly err in equitably dividing the marital estate and awarding all of the mineral interests to Cheryl Feist, and it did not abuse its discretion in failing to award attorney fees to Cheryl Feist. We affirm.

[¶ 20] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.