2017 ND 122

**Angela R. ALLMON, Plaintiff and Appellant**

v.

**Aaron D. ALLMON, Defendant and Appellee**

No. 20160324

Supreme Court of North Dakota.

Filed 5/16/2017

Rehearing Denied 6/7/2017

Robert S. Rau, Minot, ND, for plaintiff and appellant.

Aaron D. Allmon, self-represented, Canyon Lake, TX, defendant and appellee.

Kapsner, Justice.

[¶ 1] Angela Allmon appeals from a judgment granting her a divorce from Aaron Allmon, granting her primary residential responsibility for their child, ordering him to pay child support, and distributing their marital property. We affirm in part, but reverse the child support award and remand for the district court to correctly apply the Child Support Guidelines.

I

[¶ 2] In May 2013, the parties were married in Arizona and a child was born to the couple later that year. Both parties were employed by the military, but Angela Allmon left military service after a 16–year career to accompany Aaron Allmon when he was relocated to Minot. The parties' relationship soon soured. Aaron Allmon committed domestic violence during the marriage, and he was convicted of sexual misconduct and served 30 days in a military jail. Despite the conviction, Aaron Allmon would be allowed to retire and retain his pension and other military benefits.

[¶ 3] Angela Allmon commenced this divorce action in November 2014. In February 2015, the parties and their attorneys appeared at an interim hearing where agreements were reached on several issues including Angela Allmon's request to relocate with the child outside of North Dakota. After the interim hearing, Aaron Allmon did not cooperate or take part in any of the proceedings, his attorneys were allowed to withdraw from representing him, and in March 2016, he was ordered to pay $1,500 in attorney fees for failing to comply with discovery requests.

[¶ 4] The divorce trial was held in July 2016. Failing to keep the district court apprised of his current residential or mailing address, Aaron Allmon did not receive notice or appear at the trial. Angela Allmon appeared through the Interactive Video Network system from her residence in Germany. Following the trial, the court awarded Angela Allmon primary residential responsibility for the parties' child and ordered Aaron Allmon to pay child support in the same amount specified in the February 2015 interim order. The court awarded each party the property in their possession along with any associated debts and ordered Aaron Allmon to pay Angela Allmon $25,000 as part of the property distribution. The court refused to grant Angela Allmon's requests for spousal support and attorney fees.

II

[¶ 5] Angela Allmon challenges the district court's decisions on property distribution, spousal support, child support, and attorney fees.

A

[¶ 6] Angela Allmon argues the property distribution is inequitable because the district court failed to divide Aaron Allmon's military pension between the parties.

[¶ 7] Under N.D.C.C. § 14–05–24(1), the district court is required to make an equitable distribution of the marital estate, including all of the parties' assets and debts, whether held jointly or individually, and the court must determine the

value of the entire marital estate before making an equitable distribution. *See Gabaldon–Cochran v. Cochran*, 2015 ND 214, ¶ 6, 868 N.W.2d 501; *Lorenz v. Lorenz*, 2007 ND 49, ¶ 6, 729 N.W.2d 692. Equitable division of the marital estate is governed by the *Ruff–Fischer* guidelines, which requires consideration of the following factors:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. The trial court is not required to make specific findings, but it must specify a rationale for its determination.

*Rebel v. Rebel*, 2013 ND 116, ¶ 7, 833 N.W.2d 442 (quoting *Kosobud v. Kosobud*, 2012 ND 122, ¶ 6, 817 N.W.2d 384); *see Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966).

[¶ 8] In *Gabaldon–Cochran*, 2015 ND 214, ¶ 7, 868 N.W.2d 501, we explained:

> A property division does not need to be equal to be equitable, but a substantial disparity must be explained. *Feist [v. Feist]*, 2015 ND 98, ¶ 6, 862 N.W.2d 817. "We have often said that while a long-term marriage generally supports an equal division of property, a court may unequally divide property in a short-term marriage and award the parties what each brought into the marriage." *Fugere [v. Fugere]*, 2015 ND 174, ¶ 8, 865 N.W.2d 407 (quoting *Dieterle v. Dieterle*, 2013 ND 71, ¶ 25, 830 N.W.2d 571). Economic fault and a party's dissi-

pation of assets also may be relevant factors for the court to consider and are grounds for an unequal distribution. *Lorenz*, at ¶ 6; *see also Crandall v. Crandall*, 2011 ND 136, ¶ 18, 799 N.W.2d 388.

[¶ 9] Our standard for reviewing a district court's property distribution is well established:

> A district court's distribution of marital property is treated as a finding of fact, which we review under the clearly erroneous standard of review. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. This Court views the evidence in the light most favorable to the findings, and the district court's findings of fact are presumptively correct.

*Feist*, 2015 ND 98, ¶ 4, 862 N.W.2d 817 (quoting *McCarthy v. McCarthy*, 2014 ND 234, ¶ 8, 856 N.W.2d 762).

[¶ 10] Here, the marital estate had a negative net worth. The district court made detailed findings about each *Ruff–Fischer* factor. The court noted both parties were born in 1976, and the age of the parties did not warrant a disparate distribution. Regarding the parties' earning ability, the court noted Angela Allmon was employed by the United States Veteran's Administration at the time of trial, and it was unclear from the evidence whether Aaron Allmon was still employed as a military photographer with the United States Air Force or had retired. Concerning Angela Allmon's argument that she should receive part of Aaron Allmon's military retirement, the court explained:

> Although Angela provided information . . . concerning Aaron's anticipated monthly disability pay and basic pay

..., the Court was not provided with verification as to the disposition of Aaron's criminal proceeding other than what Angela believed transpired. Absent independent, substantiated records or testimony from an individual with first hand knowledge of Aaron's military criminal proceedings, the Court cannot merely rely on Angela's belief as to [what] may have happened and what she believes Aaron may receive for retirement and disability pay. Accordingly, the Court cannot conclude that this factor ... warrants either party to receive more or less than he or she brought into the marriage.

[¶ 11] The district court found the marriage duration was "very short," and Aaron Allmon's conduct during the marriage entitled Angela Allmon to be reimbursed for medical services she paid on his behalf. The court found the parties' station in life did not warrant an increased allocation of the marital estate, nor did their health and physical conditions. The court found Angela Allmon separated from the military to accompany Aaron Allmon to North Dakota, and her present employment would not provide her with the benefits she would have received from the military. The court accordingly found the circumstances and necessities of each favored awarding Angela Allmon a portion of the marital estate larger than she had brought into the marriage. Regarding the financial circumstances of the parties at the time of the divorce, the court noted the "negative value for the marital estate" and found "if Angela were to receive one-third of Aaron's retirement and disability pay on a permanent basis, she would like[ly] receive funds well above and beyond any funds she may have expended during the parties' marriage."

[¶ 12] Weighing the *Ruff–Fischer* factors, the district court awarded each party the property in their respective possession along with any debt associated with the property in an attempt to return the parties to their premarital state. The court further determined:

In addition and as a further division of property, Aaron shall pay to Angela the sum of $25,000.00, which sum is representative of $7,201.61 for medical expenses previously reimbursed by the United States Air Force and $2,884.24 for Aaron's share of medical expenses incurred on behalf of [the child] in Germany. The balance of $14,914.15 constitutes an additional allocation to Angela to account for and to balance the *Ruff-Fischer* factors of: marriage duration and conduct during the marriage, the circumstances and necessities of each and other matters which may be material.

[¶ 13] Upon our review of the record, we conclude the district court's distribution of marital property and debt is not clearly erroneous.

## B

[¶ 14] Angela Allmon argues the district court erred in failing to award her spousal support.

[¶ 15] Under N.D.C.C. § 14–05–24.1(1), the district court "may require one party to pay spousal support to the other party for a limited period of time" considering "the circumstances of the parties." In deciding whether to award spousal support, the court must consider the *Ruff–Fischer* guidelines and the needs of the spouse seeking support and the ability of the other spouse to pay. *See Kosobud*, 2012 ND 122, ¶ 16, 817 N.W.2d 384; *Becker v. Becker*, 2011 ND 107, ¶ 28, 799 N.W.2d 53. " 'Property division and spousal support are interrelated and intertwined and often must be considered together.' " *Mertz v. Mertz*, 2015 ND 13, ¶ 27, 858 N.W.2d 292

(quoting *Kostelecky v. Kostelecky*, 2006 ND 120, ¶ 14, 714 N.W.2d 845). A spousal support determination is a finding of fact that will not be reversed on appeal unless it is clearly erroneous. *See Jacobs–Raak v. Raak*, 2016 ND 240, ¶ 22, 888 N.W.2d 770; *Degnan v. Degnan*, 2016 ND 61, ¶ 10, 877 N.W.2d 38.

[¶ 16] The district court noted Angela Allmon had a master's degree in organizational leadership management and was employed by the Veteran's Administration, while Aaron Allmon was a military photographer and it was unknown if he had retired or was continuing to work. The court reasoned:

> Although the Court agrees with Angela that Aaron's conduct during the marriage was far from ideal, the Court does not believe the spirit and intent of spousal support is to impose a lifelong financial commitment on one party for his or her behavior during the marriage, especially when considering that the present action was commenced a mere 18 months after the parties' marriage.

> The Court does not believe permanent nor rehabilitative spousal support is appropriate in this situation, as Angela is well-educated, having her Master's Degree, has been self supporting since the parties' separation and is gainfully employed.

[¶ 17] We conclude the district court's decision to not award Angela Allmon spousal support is not clearly erroneous.

## C

[¶ 18] Angela Allmon argues the district court "incorrectly calculated or did not calculate" child support in accordance with the law.

[¶ 19] In *Grossman v. Lerud*, 2014 ND 235, ¶ 6, 857 N.W.2d 92, this Court said:

> "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 8, 763 N.W.2d 462. "If the district court fails to comply with the child support guidelines in determining an obligor's child support obligation, the court errs as a matter of law." *Serr v. Serr*, 2008 ND 56, ¶ 18, 746 N.W.2d 416.

[¶ 20] At the interim hearing in February 2015, the parties stipulated to the figures to be used from Aaron Allmon's leave and earnings statement to calculate his child support obligation, and the district court calculated the obligation to be $907 per month. Aaron Allmon did not appear at the divorce trial to disclose his current earnings if he was employed, and the court found Angela Allmon's calculations to be insufficient for child support purposes:

> Although Angela testified and submitted exhibits she believed to be reflective of Aaron's income, no independent documentation substantiating her beliefs was submitted. The Court cannot calculate Aaron's child support obligation on speculation and supposition as to what Angela believes Aaron's pay to be or may be in the future. Because the Court is without objective information as to Aaron's pay, Aaron's child support obligation in the amount of $907.00 per month shall continue to be due on the 10th each month.

The court also ordered Aaron Allmon to provide health insurance for the child and to share responsibility for deductible or non-covered health care expenses for the child.

[¶ 21] For child support purposes, "[i]ncome must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income." N.D. Admin. Code § 75-02-04.1-02(7). Consequently, "a court's determination of an obligor's income is dependent upon the evidence presented by the parties." *Schumacher v. Schumacher*, 1999 ND 149, ¶ 35, 598 N.W.2d 131. A district court cannot rely on inaccurate and incomplete income information to arrive at a child support calculation. *See Schurmann v. Schurmann*, 2016 ND 69, ¶ 20, 877 N.W.2d 20. Under the circumstances of this case, we cannot fault the court for using the most reliable information available to calculate Aaron Allmon's child support obligation.

[¶ 22] However, the Child Support Guidelines contain a provision that must be applied in situations where obligors fail to furnish recent reliable gross income information:

> If the obligor fails, upon reasonable request made in any proceeding to review a child support obligation, to furnish reliable information concerning the obligor's gross income from earnings, and if that information cannot be reasonably obtained from sources other than the obligor, income must be imputed based on the greatest of:
> a. Subdivisions a through c of subsection 3 [imputed income for obligor who is unemployed or underemployed]; or
> b. The obligor's net income, at the time the child support order was entered or last modified, increased at the rate of ten percent per year.

N.D. Admin. Code § 75-02-04.1-07(10).

[¶ 23] Here, Aaron Allmon had been sanctioned for refusing to comply with discovery requests and attempts to contact him about the date of the divorce trial were thwarted by his failure to apprise the district court or Angela Allmon of his whereabouts. More than a year had passed since the child support obligation was set at the interim hearing. Under these circumstances, the court was required to increase the interim child support obligation by ten percent at the time of the trial and the court's decision.

[¶ 24] We conclude the district court erred as a matter of law when it did not increase the interim obligation by ten percent, and we reverse and remand for the court to do so.

### D

[¶ 25] Angela Allmon argues the district court erred in failing to award her attorney fees because Aaron Allmon "drove costs and expenses."

[¶ 26] Angela Allmon made a general request for attorney fees, and the district court treated it as a request under N.D.C.C. § 14-05-23. In *Martinson v. Martinson*, 2010 ND 110, ¶ 14, 783 N.W.2d 633, we explained:

> A district court has discretion to award attorney fees and costs in divorce actions under N.D.C.C. § 14-05-23. *Heinle v. Heinle*, 2010 ND 5, ¶ 32, 777 N.W.2d 590. In deciding whether to award attorney fees and costs under N.D.C.C. § 14-05-23:
>> [T]he trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case. An award of attorney fees requires specific findings supported

by evidence of the parties' financial conditions and needs.

*Id.* (quoting *Reiser v. Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348) (citations omitted). A court must make specific findings supported by evidence of the parties' financial needs and conditions to award attorney fees. *Lautt v. Lautt*, 2006 ND 161, ¶ 12, 718 N.W.2d 563. "An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate." *Whitmire v. Whitmire*, 1999 ND 56, ¶ 14, 591 N.W.2d 126.

A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Martinson*, at ¶ 15.

[¶ 27] After requesting an itemized statement of attorney fees and costs incurred from the interim hearing to the date of trial, the district court declined to award Angela Allmon attorney fees. The court noted the short duration of the marriage, the net negative value of the marital estate, and Aaron Allmon's stipulation for Angela Allmon to have residential responsibility for the child, often the biggest issue in divorce cases. Although Angela Allmon testified her income had decreased since moving to Germany, the court noted it had no reliable evidence about Aaron Allmon's income and was therefore "without adequate information to fully assess Aaron's ability to pay toward Angela's attorney fees and costs." The court found legal services from the interim hearing to the status conference were "atypical in a divorce proceeding[ ]" because the parties were engaged in settlement negotiations. For the rest of the time period the court was "unable to define any entry in particular ... wherein Angela's attorney fees and costs appear to have been unnecessarily increased as a result of Aaron's lack of cooperation." The court sympathized that Angela Allmon "incurred nearly $35,000.00" in attorney fees for a divorce case involving a marital estate with a negative net value and uncontested primary residential responsibility, but "Angela chose to employ her legal strategy and in so doing, incurred large legal fees."

[¶ 28] The district court found Angela Allmon and her attorney were the persons who unnecessarily increased attorney fees and costs. Angela Allmon relies on *Heinle*, 2010 ND 5, ¶¶ 26–31, 777 N.W.2d 590, for the proposition that a court can sanction a party in a divorce for concealment of income and assets, but *Heinle* involved a requested sanction under N.D.R.Civ.P. 11 and under a court's inherent power to sanction for that misconduct, not a request for attorney fees under N.D.C.C. § 14-05-23. The analysis under N.D.C.C. § 14-05-23 differs from a request for attorney fees as a sanction. *See Heinle*, at ¶¶ 32–34.

[¶ 29] Angela Allmon has not convinced us the district court abused its discretion in refusing to award her attorney fees under N.D.C.C. § 14-05-23.

### III

[¶ 30] Angela Allmon contends the district court should have considered Aaron Allmon's fault during litigation which she alleges would have resulted in her receiving a larger property distribution, more child support, an award of spousal support, and an award of attorney fees.

[¶ 31] Although Aaron Allmon's conduct during the proceedings may have been frustrating for all concerned, the district court was required to follow the law. Even if the court could have sanctioned Aaron Allmon by granting a default divorce judgment, *see Dethloff v. Dethloff*, 1998 ND 45,

¶ 15, 574 N.W.2d 867, the plaintiff must nevertheless produce evidence to support the court's decisions on the various divorce issues. *See Warnke v. Warnke*, 2011 ND 212, ¶¶ 9–11, 806 N.W.2d 606. The court meticulously analyzed all of the issues, noting the marital estate had a negative net worth and the brief duration of the marriage. Angela Allmon's argument that Aaron Allmon should be required to pay more simply as punishment for his litigation misconduct ignores the analyses the court was required to perform and "the realities of the situation—that you cannot squeeze blood from a turnip." *Schmuck v. Schmuck*, 2016 ND 87, ¶ 21, 882 N.W.2d 918.

[¶ 32] We conclude Angela Allmon's argument is without merit.

IV

[¶ 33] We do not address other issues raised because they are unnecessary to the decision or are without merit. We reverse the district court's child support determination and remand for recalculation. The judgment is otherwise affirmed.

[¶ 34] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.