# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 65

Keisha Kemmet,

Plaintiff, Appellant and Cross-Appellee

v.

Lindell Kemmet,

Defendant, Appellee and Cross-Appellant

## No. 20230194

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice.

Patti J. Jensen (argued) and Ashley A. Olson (on brief), East Grand Forks, Minnesota, for plaintiff, appellant and cross-appellee.

Rodney E. Pagel, Bismarck, North Dakota, for defendant, appellee and cross-appellant.

**Tufte, Justice.**

[¶1]   Keisha Kemmet appeals from a divorce judgment entered following a bench trial in her divorce proceedings against Lindell Kemmet. She argues the district court's distribution of marital property was not equitable, the court's valuation of land was clearly erroneous, and the court's computations contain errors.

[¶2]   Lindell Kemmet cross-appeals, arguing the court's valuations of his remainder interest in his family's homestead, personal property items, and his dental practice were clearly erroneous. He also argues the distribution of marital property is not equitable, the provision regarding health insurance is ambiguous, and the court abused its discretion by failing to allow for cross-examination of Keisha Kemmet's expert witness.

[¶3]   We reverse in part and remand for clarification of the district court's findings regarding equitable distribution of the marital estate and a correct accounting of the distribution.

I

[¶4]   The parties were married in September 2016, and separated in June 2021. Divorce proceedings were filed in June 2021. A three-day bench trial was held. Thirteen witnesses testified, including two expert witnesses valuating the dental practice and one expert witness valuating the Kidder County land. The district court issued its findings of fact, conclusions of law and order for judgment and judgment. Both parties appeal.

II

[¶5]   When granting a divorce, a district court is required to value the parties' property and debts and make an equitable distribution. N.D.C.C. § 14-05-24(1); *Berdahl v. Berdahl*, 2022 ND 136, ¶ 6, 977 N.W.2d 294. This Court's standard of review for a district court's marital property distribution is well established:

This Court reviews a district court's distribution of marital property as a finding of fact, and will not reverse unless the findings are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. We view the evidence in the light most favorable to the findings, and the district court's factual findings are presumptively correct. Valuations of marital property within the range of the evidence presented are not clearly erroneous. A choice between two permissible views of the evidence is not clearly erroneous if the district court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations.

*Id.* (cleaned up). "In a bench trial, the district court determines credibility issues, which we will not second-guess on appeal." *Id.* at ¶ 9 (quoting *Wald v. Wald*, 2020 ND 174, ¶ 27, 947 N.W.2d 359).

## III

[¶6] Keisha Kemmet argues the district court's valuation of the Kidder County property was clearly erroneous. She argues the district court erred by giving more weight to Lindell Kemmet's opinion on the value than the opinion of her expert witness appraiser. She also argues the court's computations contain errors because she was assigned 20% of the value of the asset but she was not granted any part of the asset itself. Lindell Kemmet was granted the entire asset without accounting for any payment to Keisha Kemmet for her share.

[¶7] The Kidder County land is real property that has been in Lindell Kemmet's family for decades. In 2019, Lindell Kemmet's father executed a quit claim deed reserving a life estate interest and conveying the remainder interest in equal shares to Lindell Kemmet and a sibling. Both parties presented testimony regarding the valuation of the land.

## A

[¶8] Keisha Kemmet argues the district court's valuation of the Kidder County property was clearly erroneous because her appraiser was more credible and his estimate was accurate. "A court's valuations of marital property are not clearly erroneous if they are within the range of evidence presented." *Berdahl*, 2022 ND 136, ¶ 9. "In a bench trial, the district court determines credibility issues, which we will not second-guess on appeal." *Id.* (citation omitted).

[¶9] Keisha Kemmet valued the land at $3,110,000, the remainder interest at $1,137,129 (0.36390), and then halved this amount to value Lindell Kemmet's 50% interest at $568,564. This valuation was supported by the testimony of Keisha Kemmet's appraiser. Lindell Kemmet testified to the land's value as an owner. He valued the land at $2,500,000, the remainder interest at 0.3639 times the total value, and his 50% interest of that remainder at $454,875. Lindell Kemmet determined this value by using the cost per acre, and adding an additional amount for the value of the homestead.

[¶10] The district court explained the appraiser divided the land into the farmland and the homestead when reaching his valuation without assessing the cost of well and water pipeline easements for the separately valued parcels. The court found "the methods used by [the appraiser] in conducting his appraisal are not reflective of reality, rendering his valuation inapplicable," and found Lindell Kemmet's value of the farmland of $479,438 "to be more accurate" because Lindell and his father are most familiar with the land.

[¶11] The district court weighed the evidence offered by both parties, finding Lindell Kemmet's more credible, and accepting the higher range of his assessment. The court's valuation is within the range of the evidence presented. The court's choice between two permissible views of the evidence is not clearly erroneous.

B

[¶12] The parties argue the district court's allocation of 20% of the value of the Kidder County land to Keisha Kemmet creates confusion. Each party argues the 20% value award should be assessed differently in the final distribution.

[¶13] The district court awarded 20% of the value of the Kidder County land to Keisha Kemmet. The court explained a 50% award is not equitable because the farm had been in Lindell Kemmet's family for generations, no evidence was presented that Keisha Kemmet contributed to improvements on the land, and she rarely visited the farm. The court found a 20% award to be "equitable in light of the short term nature of the marriage and for the reasons set forth above."

[¶14] Lindell Kemmet seems to argue that the total valuation of the asset should be $95,888, which is 20% of the value of the remainder interest. He argues he should retain the asset and be assessed $95,888 as part of his marital asset distribution and Keisha Kemmet should be assessed $0. His argument is not supported by our precedent.

[¶15] "All property held by either party, whether held jointly or individually, is considered marital property, and the court must determine the total value of the marital property before making an equitable distribution." *Langwald v. Langwald*, 2016 ND 81, ¶ 10, 878 N.W.2d 71 (citations omitted). "Our law does not require a set formula or method for dividing marital property; rather, the division is based on the particular circumstances of each case. A property division need not be equal to be equitable, but a substantial disparity must be explained." *Id*. at ¶ 11 (internal citations and quotations omitted). "Separate property, even if it is inherited, must initially be included in the marital estate, but the property's origin may be considered when equitably dividing the estate." *Fugere v. Fugere*, 2015 ND 174, ¶ 8, 865 N.W.2d 407 (citing *Feist v. Feist*, 2015 ND 98, ¶ 6, 862 N.W.2d 817).

[¶16] In *Anderson v. Anderson*, 2023 ND 86, ¶ 8, 990 N.W.2d 581, the district court determined the value of Renee Anderson's remainder interest in a 160-acre farmland was $233,282 but only included a portion of the value as "the

4

marital portion of Renee's remainder interest." "The court explained: 'One half of $85,000 is $42,500. It is the Court's intention to award Renee the entire value of her remainder interest . . . valued at, $233,282, less $42,500, which the Court will deem to be the marital portion of that property.'" *Id*. We held the court's decision to exclude a portion of the interest's value is a misapplication of law, and remanded the judgment directing the court to include the full value of the interest in the marital estate. *Id*.

[¶17] Contrary to Lindell Kemmet's argument, the entire remainder interest is marital property, and therefore the total value must be considered marital property. The Kidder County remainder interest is marital property—not partly marital property. It can, however, be distributed equitably by considering its origin.

[¶18] Here, the district court found Keisha Kemmet's equitable share in the property is 20% of that value. This type of equitable distribution of property was upheld in *McCarthy v. McCarthy*, 2014 ND 234, ¶ 12, 856 N.W.2d 762, where the district court valued the entire remainder interest, and assigned 25% valuation to Carleen McCarthy. The "court ordered Paul McCarthy to convey to Carleen McCarthy a one-quarter interest of his interest in the farmland or, in the alternative, to pay her $125,000 within 120 days from the date of the judgment." *Id*. In this case, the record does not indicate whether payment was or will be made to Keisha Kemmet for her equitable share of the remainder interest of the Kidder County land.

[¶19] The district court's findings and distribution are supported by the record and the law. The court's assignment of 20% of the value of the Kidder County land to Keisha Kemmet was not clearly erroneous. However, the court's execution of the distribution creates confusion and requires clarification.

[¶20] Both parties agree the district court's distribution calculations regarding the Kidder County land contain errors. The district court valued the remainder interest in the Kidder County land at $479,438. The court's distribution of property awarded Keisha Kemmet $95,887.60 for the Kidder County land and Lindell Kemmet $383,550.40 for the Kidder County land. Keisha Kemmet was

awarded 20% of the value of the property in the calculations of her award of the marital estate, but the court clarified in post-judgment proceedings that Keisha Kemmet was not awarded a 20% interest in the land. Lindell Kemmet retained the full remainder interest in the property in his award but was assessed only 80% of the value under his assets.

[¶21] The discrepancies and inconsistencies in the district court's findings leave us to guess the court's intentions. We therefore remand this issue for proper accounting of the distribution of the marital estate.

IV

[¶22] Lindell Kemmet argues the district court's valuation of his dental practice, and the award of 50% of the value to Keisha Kemmet, was clearly erroneous. He argues his expert was more experienced and presented a more accurate account of the valuation. He also argues, because the district court averaged the values of most of the other assets, the court should have averaged the valuations of the experts regarding the practice.

[¶23] Both parties presented testimony and reports from experts valuating the dental practice. Lindell Kemmet valued the practice at $999,000 and Keisha Kemmet valued the practice at $1.3 million. Lindell Kemmet's expert used the income approach, and his value reflects "a reduction for lack of marketability." He used a 15% discount approach and 19% income tax rate. Keisha Kemmet's expert utilized both an income and market approach, finding the values to be nearly identical. She did not use a discount approach and used a 38% income tax rate.

[¶24] The district court valued the business at $1,300,000, finding:

> [The experts] were each credible witnesses who were able to adequately explain and justify his or her valuations. However, the Court found [Keisha Kemmet's expert] more credible as to the value of the business, as [the other expert] acknowledged he did [sic] realize taxes appropriately when doing his valuation. Although [he] explained had he corrected the taxes, his valuation of the business would have been lower.

6

[¶25] "There is no set formula for valuation of a business, especially a closely-held business." *Adams v. Adams*, 2015 ND 112, ¶ 15, 863 N.W.2d 232. The district court's factual findings are presumptively correct. *Id.* at ¶ 13. The court's findings, based upon the experts' valuations, are a credibility determination, a choice between two permissible views of the evidence, and are not clearly erroneous. *See id.* The district court's findings are not clearly erroneous.

V

[¶26] Lindell Kemmet argues the district court's valuations of several personal property items are clearly erroneous. The court's valuations of these items were within the range of the evidence presented. "Valuations of marital property within the range of the evidence presented are not clearly erroneous." *Berdahl*, 2022 ND 136, ¶ 6. To the extent the parties agree the district court's valuation of a property item was an error, the court may consider those items upon remand.

VI

[¶27] Lindell Kemmet argues the district court's finding of an equitable distribution of 40% to Keisha Kemmet in a short-term marriage was clearly erroneous. Keisha Kemmet argues the district court's findings support a 50% equitable distribution.

[¶28] In making its distribution, the district court considers the *Ruff-Fischer* factors, which include:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Berdahl*, 2022 ND 136, ¶ 7 (citations omitted).

[¶29] The district court weighed the *Ruff-Fischer* factors for the purposes of spousal support and property division. The court found:

> Of the *Ruff-Fischer* guidelines, the Court finds that the age of the parties, duration of the marriage and conduct, and health and physical condition justify an equal division of the marital estate. The earnings ability and financial condition at the time of the divorce and station in life and circumstances and necessities of each, value of income producing property and when the property was acquired warrant Keisha receiving a greater share of the marital estate and/or spousal support.

The court awarded Keisha Kemmet spousal support for 36 months.

[¶30] Keisha Kemmet argues these findings state that the assets must be distributed equally. She reads the court's summary of its *Ruff-Fischer* factors in a vacuum. The court specifically found she was entitled to "greater" property distribution *or* spousal support. The court awarded her an equalization payment and rehabilitative spousal support. The court specifically found its 40/60 distribution was equitable.

[¶31] Lindell Kemmet argues the 40/60 distribution is not equitable because the assets of significance had been either owned by him prior to the marriage or gifted to him by his father. The district court considered these factors when distributing the marital estate.

[¶32] The district court weighed most of the factors equally, finding they did not weigh in favor of unequitable distribution or spousal support. The court considered the length of the marriage: "Taking into consideration the two years Keisha and Lindell dated (2012-2014) and the seven years of marriage prior to separation (2014-2021), the Court does not find this nearly nine year marriage to be one of long duration which would warrant an equal division of the marital estate or long term spousal support." The court found that although Lindell Kemmet's earning capacity favors an award of spousal support to Keisha Kemmet, it did not "view the success of Lindell's business to contributions from Keisha which would justify an unequal distribution of the marital estate in her favor." The court went on to find spousal support or property division in

8

Keisha's favor for a short amount of time is warranted because this was not a long-term marriage. The court also considered the income-producing property—the primary asset being the dental practice. The court found that although the practice was acquired prior to the marriage, it had gained value during the marriage, and because Keisha would not benefit from the business moving forward, this also favored an award of spousal support.

[¶33] The court distributed the assets, finding an equitable distribution of approximately 40% of the marital estate to Keisha Kemmet, including a $200,000 equalization payment, and the remaining 60% of the estate to Lindell Kemmet. The court also awarded Keisha Kemmet $1,500 per month for 36 months in spousal support, explaining, "This is a short term marriage wherein Keisha is receiving substantial assets in addition to property division payments."

[¶34] The district court weighed the *Ruff-Fischer* guidelines before distributing the marital estate. The court's findings and distributions are supported by the record. The court's findings are not clearly erroneous, except the court's findings regarding the valuation and distribution of the Kidder County property must be clarified and its distributions reconsidered therefrom.

[¶35] We remand the judgment for a revised accounting of the distribution of the marital estate. The district court's calculations reflect an 80-20 distribution of the Kidder County land without a corresponding award of either the interest or a payment of the value of the interest. This cannot be reconciled with the court's findings regarding an equitable distribution of 60-40 of the overall marital estate. One or both must be revised.

VII

[¶36] We considered the parties' remaining arguments and conclude they are either unnecessary to our determination or without merit.

[¶37] We remand the judgment for proper accounting of the distribution of the marital estate, and clarification of the district court's findings regarding

9

equitable distribution. The court may conduct any additional proceedings it deems necessary. We affirm the judgment in all other respects.

[¶38] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr